UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CAL IV ENTERTAINMENT, LLC, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> YOUTUBE, INC., YOUTUBE, LLC, and GOOGLE INC. <br><br> Defendants. | ECF Case <br><br> No. 3:07-cv-00617 <br><br> **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY STAY** |

Defendants YouTube, Inc., et al. (collectively, "YouTube" or "Defendants") respectfully submit this memorandum of law in support of their motion for a temporary stay pending resolution of plaintiff Cal IV Entertainment, LLC's motion for multidistrict litigation consolidation.

## I. INTRODUCTION

This case is one of four lawsuits pending around the country alleging copyright infringement against YouTube.[1] On June 29, 2007, plaintiff filed a motion with the Judicial Panel on Multidistrict Litigation (the "MDL Panel") to coordinate and transfer all four cases, including this case, to a single judge for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 (the "MDL Motion"). *See* MDL Motion, Exhibit 1. Cal IV Entertainment's MDL Motion recommends transferring the consolidated proceeding to this Court.

Although Defendants disagree with certain contentions in the MDL Motion, Defendants will file a response with the MDL Panel supporting Section 1407 consolidation. Defendants

---

[1] The other three cases are (a) *Viacom et al. v. YouTube, Inc. et al*, Case No. 07-CV-2103 (S.D.N.Y.) (LLS) (b) *The Football Association Premier League Limited et al. v. YouTube, Inc.* et al., Case No. 07-CV-3582 (S.D.N.Y.) (LLS) and (c) *Tur v. YouTube, Inc.*, Case No. CV06-4436 (C.D. Cal.).

believe that consolidation as an MDL would enable the just and efficient resolution of these cases.

In light of the MDL Motion, Defendants respectfully request that this Court temporarily stay all proceedings in this case pending the MDL Panel's decision on the MDL Motion. Such a stay is necessary to promote judicial economy and eliminate the potential for conflicting pretrial rulings if the MDL Motion is granted.

## II. THIS CASE SHOULD TEMPORARILY BE STAYED PENDING DECISION BY THE JUDICIAL PANEL ON THE MDL MOTION

Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). While this action is not automatically stayed upon the filing of the MDL Motion, it is within the Court's authority and discretion to grant a stay, particularly if doing so would serve the interests of judicial economy and efficiency. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (discretion to stay the proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A temporary stay is appropriate here in order to assure consistent treatment of the lawsuits, to avoid duplicative and conflicting results, and to assure that judicial resources are not wasted. Indeed, courts frequently grant temporary stays pending decisions by the MDL Panel on Section 1407 consolidation motions. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 43 (D.D.C. 1999) (granting stay pending decision of the MDL Panel due to the "potential for overlapping issues[,] . . . a stay would further judicial economy and eliminate the potential for conflicting pretrial rulings were the case ultimately transferred"); *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (observing that "[c]ourts frequently grant stays pending a decision by the MDL Panel"); *Namocivz v. Cooper Tire & Rubber Co.*, 225 F. Supp.

2d 582, 585 (D.Md. 2001) (granting stay to ensure that "in the event consolidation is ordered, there is consistent treatment of the numerous lawsuits and that judicial resources are not wasted."); *Bullard v. American Airlines, Inc.*, 929 F. Supp. 1284, 1286-87 (W.D. Mo. 1996) (staying ruling on motion to dismiss pending ruling by MDL Panel); *Register v. Bayer Corp.*, No CA 02-1013, 2002 WL 1585513, at *1 (E.D. La. 2002) ("the interests of judicial economy will best be served by a temporary stay in these proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation."); *U.S. Bank NA v. Royal Indemnity Co.*, No. 3:02-CV-0853-P, 2002 WL 31114069, at *2 (N.D. Tex. 2002) (granting stay "to avoid the unnecessary waste of judicial resources if the MDL Motion is ultimately granted. If the MDL Motion is granted, all of the Court's time, energy and acquired knowledge regarding this action and its pretrial procedures will be wasted").

A temporary stay will not unduly prejudice plaintiffs in this matter. Defendants anticipate that the MDL Motion will be resolved expeditiously by the MDL Panel and, therefore, any delay in this proceeding will be minimal. Defendants have not responded to the Complaint and discovery has not commenced. Because this action is at an early stage in the litigation, whatever prejudice a short delay will cause – if any – is far outweighed by the prejudice to Defendants and this Court that would result from further proceedings. *See Arthur-Magna v. Del-Val Financial Corp.*, 1991 WL 13725, at *1 (D.N.J. 1991) (noting that "even if a temporary stay [pending a decision by the MDL Panel] can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay"). Indeed, if the MDL Motion is granted, all litigants – including plaintiffs – will benefit from the streamlined efficiency of a MDL proceeding.

1561562.1

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court stay this case temporarily pending a decision by the MDL Panel on plaintiff's MDL Motion.

Dated: July 2, 2007                                    Respectfully submitted,

/s/ James M. Doran. Jr.
James M. Doran (Tenn. BPR No. 2638)
Robb S. Harvey (Tenn. BPR No. 11519)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
E-mail: jdoran@wallerlaw.com &
rharvey@wallerlaw.com

Local Counsel for Defendants

1561562.1

# CERTIFICATE OF SERVICE

I hereby certify that I caused true and correct copies of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY STAY to be served upon the following counsel for Plaintiff in this matter through the Court's Electronic Filing System, or by mailing the same to the offices of said counsel by United States first class mail, postage prepaid, on this 2nd day of July, 2007:

| | |
|---|---|
| Daniel C. Girard<br>Girard Gibbs LLP<br>601 California Street<br>Suite 1400<br>San Francisco, CA 94108<br>(415) 981-4800<br>Email: dcg@girardgibbs.com | Gerald E. Martin<br>Laurel Alyson Johnston<br>Barrett, Johnston & Parsley<br>217 Second Avenue, N<br>Nashville, TN 37201<br>(615) 244-2202<br>Email: jmartin@barrettjohnston.com<br>ljohnston@barrettjohnston.com |

Kevin Doherty
Burr & Forman, LLP
700 Two American Center
3102 West End Avenue
Nashville, TN 37203
US
(615) 724-3211
Fax: (615) 724-3290

/s/ James M. Doran. Jr.