BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re:<br><br>YOUTUBE COPYRIGHT INFRINGEMENT LITIGATION | MDL Docket No. _____ |

**PLAINTIFF CAL IV ENTERTAINMENT, LLC'S
MOTION FOR TRANSFER AND COORDINATION
OR CONSOLIDATION OF ACTIONS UNDER 28 U.S.C. § 1407**

**GIRARD GIBBS LLP**
Daniel C. Girard
Aaron M. Sheanin
Christina H. Connolly
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800

**BURR & FORMAN LLP**
Kevin Doherty
700 Two American Center
3102 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 724-3211

**BARRETT, JOHNSTON & PARSLEY**
Gerald E. Martin
217 Second Avenue North
Nashville, Tennessee 37201
Telephone: (615) 244-2202

*Counsel for Plaintiff Cal IV Entertainment, LLC*

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, Cal IV Entertainment, LLC ("Cal IV"), plaintiff in the class action styled *Cal IV Entertainment, LLC v. YouTube, Inc., et al.*, 07-cv-00617, United States District Court for the Middle District of Tennessee, respectfully moves for an Order transferring all related pending actions against YouTube, Inc., YouTube, LLC and Google Inc. (collectively "YouTube" or "Defendants"), to the Middle District of Tennessee.

As set forth below and in the accompanying Memorandum, Cal IV believes the actions listed on the accompanying Schedule of Actions satisfy the requirements for consolidation and coordination because they concern common questions of fact, and consolidation and coordination will serve the interests of efficiency and convenience.

In support of this Motion, Cal IV states as follows:

1. This Motion seeks the transfer and consolidation or coordination of four related actions pending against YouTube. Each of the actions brings claims for violation of the Copyright Act including direct, contributory and vicarious copyright infringement by unauthorized reproduction, distribution, and/or public performance of protected works through YouTube's website.

2. Cal IV is a privately-held, independent music publisher whose principal place of business is in Nashville, Tennessee. Cal IV holds the copyrights to nearly 15,000 songs, several of which have been recorded by leading country music artists and have enjoyed commercial success. Cal IV owns the rights to fourteen number one hit singles on the country music charts. Cal IV is the named plaintiff and class representative in *Cal IV Entertainment, LLC v. YouTube, Inc., et al.*, 07-cv-00617, pending in the United States District Court for the Middle District of Tennessee.

3. As identified in the Rule 7.2(a)(ii) Schedule of Actions accompanying this Motion, Cal IV is currently aware of three other cases containing similar factual allegations and seeking similar relief against Defendants. The first-filed case is an individual action, pending in the Central District of California, by an independent television journalist. *See Robert Tur, d/b/a Los Angeles News Service v. YouTube, Inc.*, 06-cv-4436 (C.D. Cal.). The second case, pending in the Southern

1

District of New York, is an individual action by the media company Viacom International Inc. and several of its affiliates. *See Viacom Int'l Inc., et al. v. YouTube, Inc., et al.*, 07-cv-2103 (S.D.N.Y.). The third case, also pending in the Southern District of New York, is another class action bought on behalf of an overlapping, if not identical, class as that asserted in the *Cal IV* class action. *See The Football Assoc. Premier League Ltd., et al. v. YouTube, Inc., et al.*, 07-cv-3582 (S.D.N.Y.). True and correct copies of the *Cal IV* complaint and the complaints in each of the related actions are attached to the accompanying Schedule of Actions.

4.  As described in greater detail in the accompanying Memorandum, the related individual and class actions arise out of the same factual circumstances: Defendants' allegedly willful infringement of plaintiffs' and class members' copyrights, by unlawfully reproducing, adapting, distributing, publicly displaying, performing, transmitting or disseminating protected works though the YouTube.com website without authorization from the copyright holders. Although there are variations in the class definitions among the class complaints, members of the class that plaintiffs seek to represent are bound by a common thread: They are all copyright owners whose proprietary works Defendants have copied, stored, and electronically disseminated, publicly displayed, or performed, in whole or substantial infringing part, without the authorization of the copyright owners. Plaintiffs in the *Tur* and *Viacom* actions are members of this class who have chosen to pursue individual litigation.

5.  Among the common questions of fact posed in these cases are: (1) whether Defendants take reasonable measures to deter the infringement of copyrighted works on YouTube; (2) whether Defendants act wilfully with respect to the infringement of copyrighted works on YouTube; (3) whether Defendants benefit financially from the infringement of copyrighted works on YouTube; (4) whether Defendants place an undue burden on copyright holders to monitor YouTube to identify and locate infringing works; and (5) whether Defendants have the ability or technology to allow them to filter content uploaded to YouTube by its users to identify and remove copyrighted works.

6.  Centralization of the related actions in a single district court will simplify the

coordination of discovery, ensure consistent pretrial rulings (notably with respect to class certification), prevent duplicative litigation, conserve judicial resources and potentially foster an efficient resolution. As the claims in these related cases are similar, the discovery needed in each of these pending cases will involve substantial areas of overlap. In addition, other class or individual cases may be filed in judicial districts across the country. To have the parties engage in duplicative discovery in multiple complex class actions and related cases would be inefficient and an unnecessary burden on the judicial system and the parties. These factors all weigh heavily in favor of centralizing and transferring these cases under 28 U.S.C. § 1407(a).

7. No party will be prejudiced by the transfer and consolidation of these lawsuits. Three of the related lawsuits are in their infancy. To Cal IV's knowledge, no party has served discovery, filed disclosures or engaged in substantive motion practice in the *Cal IV*, *Football Association* and *Viacom* actions. Because these related cases are all in their early stages, no party will be prejudiced by their transfer to the Middle District of Tennessee.

8. Furthermore, although motions for summary judgment have been litigated in the *Tur* action, discovery in that case also appears to be in its nascent stages on the pertinent common questions of fact, including whether Defendants have knowledge of the alleged infringement, benefit financially from the alleged infringement, can control the infringement, and take adequate steps to prevent repeat infringement. Since little or no critical discovery has occurred, an Order transferring and consolidating or coordinating all related cases in a single judicial district for pretrial purposes will eliminate or reduce the expenses associated with the duplicative discovery that would otherwise occur in district courts across the country.

9. No "center of gravity" has emerged in this nationwide litigation. While all three judicial districts in which cases are pending are reasonable alternatives for centralization, the Middle District of Tennessee is the most appropriate forum for these coordinated proceedings.

10. The Middle District of Tennessee is a convenient location for the litigation. Two plaintiffs – Cal IV and Country Music Television, Inc., a plaintiff in the *Viacom* individual action – have their principal places of business in Nashville. As a result, relevant documents and potential

3

witnesses will be present in the District. The Middle District of Tennessee is also centrally located for the other parties who are scattered across the country and throughout world. The remaining named plaintiffs reside in London, Los Angeles, Washington D.C., and New York. Members of the proposed class reside throughout the United States and elsewhere. Defendants are headquartered in San Bruno and Mountain View, California. Notably, none of the current cases is pending is the district in which Defendants are headquartered.

11. The Middle District of Tennessee also has substantial experience with noteworthy copyright litigation. For example, judges in the Middle District of Tennessee have presided over leading cases addressing whether recorded parodies and digital sampling of protected works were actionable under the Copyright Act. *See, e.g., Acuff-Rose Music, Inc. v. Campbell*, 754 F. Supp. 1150 (M.D. Tenn. 1991) rev'd, 972 F.2d 1429 (6th Cir. 1992), rev'd, 510 U.S. 569 (1994); *Bridgeport Music, Inc. v. Dimension Films*, 230 F. Supp.2d 830 (M.D. Tenn. 2002), aff'd in part, rev'd in part 410 F.3d 792, 801 (6th Cir. 2005).

12. Moreover, the Middle District of Tennessee is accessible to all parties. The courthouse is located near the Nashville International Airport, which has direct flights on many airlines to numerous cities across the United States. Nashville is within 600 miles of 50 percent of the population of the United States. Nashville's central location in the middle of the continental United States ensures that litigants from across the country may, if necessary, conveniently participate in this proposed multidistrict litigation.

13. Transfer of the related actions to the Middle District of Tennessee will further the efficient distribution of litigation within the federal judiciary. A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Middle District of Tennessee is a suitable forum for this litigation. According to the Distribution of Pending MDL Dockets as of May 14, 2007, two MDL proceedings are pending in the Middle District of Tennessee. By comparison, there are *41* MDL proceedings in the Southern District of New York, where the *Viacom* individual action and *Football Association* class action are pending, and 12 MDL proceedings are pending in the Central District of California, where the *Tur* action is pending. (Distribution of Pending MDL

4

Dockets as of May 14, 2007, attached hereto as Exhibit A.)

14. The Middle District of Tennessee also has a considerably lighter docket than the Southern District of New York and the Central District of California. As of March 31, 2006, there were 1,223 civil cases pending in the Middle District of Tennessee, compared to 16,282 civil cases pending in the Southern District of New York, and 10,649 civil cases pending in the Central District of California. (U.S. District Courts B Civil Cases Commenced, Terminated, and Pending as of March 31, 2006, attached hereto as Exhibit B.) As of September 30, 2006, only 47 civil cases were pending for more than three years in the Middle District of Tennessee, a mere 3.6% of the District's docket. In contrast, there were 3,107 civil cases or 18.4% of the Southern District of New York's docket pending for more than three years. (Federal Court Management Statistics as of September 30, 2006, attached hereto as Exhibit C.) 1,240 civil cases or 11.6% of the docket for the Central District of California were pending for more than three years. Finally, the case load per judge is substantially lighter: 396 in the Middle District of Tennessee versus 716 in the Southern District of New York, and 443 in the Central District of California. (*Id.*)

//
//
//
//
//
//
//
//
//
//
//
//
//

For these reasons, and as set forth more fully in the accompanying memorandum, Cal IV respectfully requests that the Panel enter an Order consolidating or coordinating the actions identified on the accompanying Schedule together with any related actions subsequently filed or presently unknown for proceedings in the Middle District of Tennessee. Alternatively, the cases should be centralized in the Southern District of New York or the Central of District of California, where related actions are pending.

Dated: June 29, 2007

Respectfully submitted,

**GIRARD GIBBS LLP**

By: *Aaron M. Sheanin*
Aaron M. Sheanin

Daniel C. Girard
Christina H. Connolly
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

**BARRETT, JOHNSTON & PARSLEY**
Gerald E. Martin
217 Second Avenue North
Nashville, Tennessee 37201
Telephone: (615) 244-2202

**BURR & FORMAN LLP**
Kevin Doherty
700 Two American Center
3102 West End Avenue
Nashville, Tennessee 37203
Telephone: (615) 724-3211

*Counsel for Plaintiff Cal IV Entertainment, LLC*